THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA B. GILLIS,<br><br>                Plaintiff,<br><br>       v.<br><br>AMAZON.COM INC.,<br><br>                Defendant. | CASE NO. C22-0803-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's unopposed motion for summary judgment (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

This case arises out of Plaintiff's 14-month employment as a fulfillment associate at Amazon.com Services LLC[1] ("Amazon"). (*See* Dkt. Nos. 16-2 at 2.) According to her complaint, Plaintiff has "Bipolar 1 Disorder Rapid Cycling Disability." (Dkt. No. 1 at 7.) She alleges that Amazon failed to reasonably accommodate her disability and eventually terminated her. (Dkt.

---

[1] Plaintiff named Amazon.com Inc. as Defendant in this matter. (*See* Dkt. No. 4 at 1.) Defendant presents undisputed evidence that Plaintiff's complaint is best directed at her employer Amazon.com Services LLC. (*See* Dkt. No. 16-2 at 2.) Because the Court is ordering that Plaintiff's complaint be dismissed with prejudice, this error need not be corrected.

ORDER
C22-0803-JCC
PAGE - 1

No. 4 at 4.) Plaintiff is asserting claims based on violations of the Americans With Disabilities Act of 1990 and the Washington Law Against Discrimination.[2] (*Id.*) Amazon moves for summary judgment, arguing that Plaintiff cannot meet her burden of establishing a prima facie case and, even if she could, she could not present evidence to support pretext, as is required under the *McDonnell Douglas* burden-shifting scheme. (Dkt. No. 16 at 6–10 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).) For the reasons described below, the Court agrees with Amazon.

According to Rule 56(a), this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary-judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences must be drawn in the non-movant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).[3]

Amazon presents undisputed evidence that, while Plaintiff initiated an accommodation

---

[2] Plaintiff's complaint only indicates that Amazon violated "[r]elevant state law." (Dkt. No. 4 at 4.) Given the liberal standards the Court applies to *pro se* Plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007), the Court assumes Plaintiff is attempting to assert violations of Washington's Law Against Discrimination.

[3] Summary judgment is not proper merely because an opposing party fails to respond. *See* LCR 7(b)(2); *Cristobal v. Siegel*, 26 F.3d 1488, 1495 n.4 (9th Cir. 1994) (unopposed motion may be granted only after the court determines there are no material issues of fact and judgment is appropriate as a matter of law). The burden on the nonmovant to respond arises only when the moving party has met its initial burden of production under Rule 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A court may, however, grant an unopposed motion for summary judgment if the movant's evidence is itself sufficient to support the motion and does not on its face reveal a genuine issue of material fact. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). Moreover, if no factual showing is made in opposition to a motion for summary judgment, the district court has no obligation under Rule 56 "to scour the record in search of a genuine issue of triable fact." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

request with Amazon's Disability and Leave Services Team, she voluntarily withdrew it following a work assignment change, and that she was terminated by an unrelated department, with no knowledge of her request, for unrelated reasons. (*See* Dkt. Nos. 16-1 at 31, 37–38, 49–51; 16-2 at 23, 25–26, 31–32; 17 at 2; 18 at 1–3.) As such, Plaintiff cannot support her prima facie case and, for this reason, the Court must grant summary judgment to Amazon.

For the foregoing reasons, Amazon's motion for summary judgment (Dkt. No. 16) is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

DATED this 12th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE